IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICKY DARRELL GUINN | § | |
| v. | § | CIVIL ACTION NO. 6:09cv354 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Ricky Guinn, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of disciplinary action taken against him during his confinement in the Texas prison. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Guinn was convicted in 2006 of the offense of possession of a controlled substance, receiving 20 years in prison. He did not take a direct appeal, but has sought habeas corpus relief on two occasions in state court.

In his federal petition, Guinn raised one ground of error. He entitled this ground of error "ineffective assistance of trial counsel which made it an involuntary plea of guilt," but devotes the text of his ground of error to arguing that the State improperly dismissed his second state habeas petition as successive.

The Magistrate Judge ordered the Respondent to answer Guinn's petition. The Respondent filed an answer arguing that the statute of limitations had expired and that Guinn's sole claim is not cognizable on federal habeas corpus review. Guinn did not file a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report on December 30, 2009, recommending that the petition be dismissed. The Magistrate Judge concluded that Guinn's limitations period expired on January 15, 2008, and that Guinn did not state a cognizable claim because he focuses on the allegedly wrongful dismissal of his second state petition by the Texas Court of Criminal Appeals, and infirmities in state habeas corpus proceedings do not set out grounds for federal habeas corpus relief. The Magistrate Judge also recommended that Guinn be denied a certificate of appealability *sua sponte*.

After obtaining an extension of time, Guinn filed objections to the Magistrate Judge's Report on February 18, 2010. In his objections, Guinn says first that after his second habeas petition was filed, the trial court accepted it on its merits and set a writ hearing for July 18, 2008. However, he does not show how this fact is relevant; he does not dispute the fact that the Court of Criminal Appeals dismissed this second petition as successive, regardless of what actions the trial court took. This objection is without merit.

Second, Guinn says that events occurred over which he had no control, including the taking of his legal documents and their subsequent return to him. A TDCJ inventory sheet attached by Guinn shows that his legal documents were taken on February 1 and returned to him on February 11, 2010. He does not show how this fact is relevant to his limitations claim or to the Magistrate Judge's conclusion on the merits of his petition. This objection is without merit.

In his third and fourth objections, Guinn complains that the Magistrate Judge said that he did not file a response to the answer, saying that circumstances prevented him from doing so; he also says that he diligently sought to obtain copies of records from the State, but was unable to do so. Guinn argues that this should extend the commencement of the statute of limitations; he cites Evans v. Chavis, 546 U.S. 189 (2006), and Saffold v. Carey, 312 F.3d 1031 (9th Cir. 2002), *implicitly overruled by* Pace v. DiGuglielmo, 544 U.S. 408 (2005).[1] Evans held that the California Supreme

---

[1] Pace held that a Pennsylvania post-conviction state habeas petition, which was untimely under state law, was not "properly filed" so as to toll the limitations period, and that the petitioner was not

Court's summary denial of a state habeas corpus petition did not render timely a notice of a appeal from the lower court's denial of the petition, and a delay of six months between the lower court's denial of the petition and the filing of a notice of appeal from that decision could not be "reasonable" under state law. Guinn fails to show how Evans applies to his situation, in which his first petition was unquestionably filed timely, and his second petition was filed after the limitations period had expired.

Several district court cases have held that the lack of access to trial court records is not a rare and exceptional circumstance sufficient to trigger equitable tolling. *See, e.g.*, Williams v. Thaler, civil action no. 3-09-CV-1372, 2009 WL 4858064 (N.D.Tex, December 14, 2009); Crumbley v. Thaler, civil action no. H-09-0031, 2009 WL 3350171 (S.D.Tex., October 14, 2009). Crumbley cited Johnson v. Johnson, 194 F.3d 1309, 1999 WL 767047 (5th Cir., Sept. 3, 1999), which held that an indigent habeas petitioner is not entitled to a free copy of his trial transcript and record to search for possible defects merely because he is indigent. Even assuming that Guinn was unable to gain access to his trial transcripts for a period of time, he has failed to show that the Magistrate Judge erred in recommending dismissal of his petition based upon the expiration of the statute of limitations. This objection is without merit.

Next, Guinn turns to the issue of the Magistrate Judge's recommendation on the merits of his claims. He says that the Magistrate Judge should "apply a standard of review of state court denial," and asks that the Court allow him to amend his pleadings. He says that his second state habeas petition argued that his trial counsel was ineffective because counsel did not investigate the state law regarding offenses committed in drug free zones. He says that the District Attorney said that the drug free zone enhanced the offense from a second degree to a first degree felony, raising

---

entitled to equitable tolling of the limitations period where the grounds he raised in his state petition had been available to him several years before that petition was filed, and he waited an additional five months after his state petition was filed in which to seek federal habeas corpus relief. Because Texas does not have a statute of limitations for state habeas proceedings, this question is unlikely to arise in this state; in any event, this decision plainly affords no succor for Guinn's claims.

3

the potential punishment from a 2 to 20 year range to a 5 to 99 year or life range, but that this is not correct; in fact, Guinn says, the drug-free zone law only allowed the State to raise the minimum punishment by five years and double the maximum fine. He says that this rendered his plea involuntary because counsel conveyed erroneous information to him about the punishment range.

Guinn also says that counsel denied ever going to the scene of the alleged offense and that counsel testified that he did not research the law or examine the police reports. He says that all of these claims were presented in the second state habeas proceeding, but the Court of Criminal Appeals dismissed the petition as successive. Guinn asks that the Court reject the Magistrate Judge's Report and conduct an evidentiary hearing in the case.

Finally, Guinn discusses specific aspects of his claim of ineffective assistance of counsel. The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Thus, Guinn's claims in this regard, which are presented for the first time in his objections, are not properly before the Court.

Even if these claims were properly before the Court, it is clear that they lack merit. Guinn's primary claim is that counsel gave him erroneous advice, telling him that the punishment for delivery of a controlled substance in a drug-free zone was raised from a second-degree to a first-degree felony, when in fact the punishment is raised only to the extent that the minimum punishment is increased by five years and the potential maximum fine is doubled. Under the law in effect at the time, however, Guinn's counsel gave him correct advice. Tex. Health & Safety Code art. 481.134(b) (Vernon 2004), provides that an offense otherwise punishable as a felony of the second degree under Sections 481.112, 481.113, 481.114, or 481.120 is punishable as a felony of the first degree if the offense was committed in, on, or within 1,000 feet of premises owned, rented, or leased by an institution of higher learning, the premises of a public or private youth center, or a playground, or

within 300 feet of the premises of a public swimming pool or video arcade facility. Guinn has failed to show that counsel rendered ineffective assistance by giving him correct advice.

Guinn also contends that counsel failed to conduct a proper investigation, but fails to show what would have been discovered had such an investigation been done, nor does he show that but for this failure, he would not have pleaded guilty, but would have insisted on going to trial. *See* Joseph v. Butler, 838 F.2d 786, 791 (5th Cir. 1988). His objection on this basis fails to show any reason to set aside the Report of the Magistrate Judge even were it properly before the Court, and even were it not barred by the statute of limitations.

The Court has conducted a careful *de novo* review of the pleadings in this cause and the Report of the Magistrate Judge. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit.

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Ricky Guinn is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this lawsuit are hereby DENIED.

**So ORDERED and SIGNED this 29th day of March, 2010.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**